

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Maureen Moore, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Mrs. Moore:

Opinion No. 0-7369
Re: Whether a voluntary
association of under-
graudate and practical
nurses is subject to the
provisions of the Employ-
ment Agency Law.

Your letters dated August 19, 1946, and September 5, 1946, request the opinion of this department upon the above stated question. We quote from your letter of September 5, as follows:

"Supplementing my letter to you of August 19, 1946, may I state that it is becoming the custom in Texas for persons to organize so-called clubs of undergraduate and practical nurses and charge a membership fee of from $3.00 to $5.00 a month. The stated purpose of the so-called club is to furnish these nurses to applicants free of charge, and the membership fee is allegedly levied or charged to defray the operating expenses of the club. In actual practice, however, the member of the club in charge of the business of said club does make a profit from the membership fees.

"The real essence of my question propounded to you in my letter of August 19th is this: Should such a 'club' be governed by the Texas Employment and Labor Agency law and pay the license fees and furnish the bond provided for by the mentioned statute and in all ways comply with the provisions of the statute? The core of my question is this: May these 'clubs' charge a membership fee?

"This letter and my letter to you of August 19th state all of the facts involved, and I will appreciate an early reply."

Honorable Maureen Moore - Page 2


The term "employment or labor agent" is defined in subsection (c) of Article 5221a-4, Vernon's Annotated Civil Statutes, 1925, as amended. Such definition reads:

"'Employment or Labor Agent' means any person in this State who for a fee offers or attempts to procure or procures employment for employees, or without a fee offers or attempts to procure or procures employment for common laborers or agricultural workers, or any person who for a fee offers or attempts to procure or procures employees for employers, or without a fee offers or attempts to procure or procures common laborers or agricultural workers for employers, or any person, regardless of whether a fee is received or due, offers or attempts to supply or supplies the services of common or agricultural workers to any person."

The facts indicate that a group of undergraduate and practical nurses are seeking to form a voluntary association and hire a person to keep a record of their employment and assess themselves a sufficient amount per month to pay the salary of the person so employed, and all other incidental expenses. It is the opinion of this department that such voluntary organization does not come within the definition of an employment or labor agent. The rules or by-laws of such organization should provide that the amount paid in if excessive be returned pro rata to the members contributing or be used to reduce their assessment for the succeeding months. Furthermore, the member managing the organization is its employee and may be discharged by the organization.

However, should the facts be that the member managing the organization is actually in business for herself, solicits the members, fixes the amount each member must pay each month, retains all fees and cannot be fired by the organization, such member is in fact an employment or labor agent and must take out a license, as she is not the employee of a voluntary association. Such person collects a "fee" as that word is defined in subsection (b) of Article 5221a-4. You are referred to Opinion No. O-5204 of this department for a discussion of the law applicable under the second set of facts and to Opinion No. O-5079 of this department for a discussion of the legality of monthly registration fees.

Honorable Maureen Moore - Page 3

As the facts in every case may differ, you are advised that it is proper to apply this opinion according to the facts in each particular case. We hope this fully answers your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By James Anderson Jr.
James Anderson, Jr.,
Assistant

APPROVED OCT 31, 1948

GENERAL OF TEXAS

JA:rd

